John PASKAVITCH

v.

UNITED STATES NUCLEAR REGULATORY COMMISSION.

Civ. No. H–78–371.

United States District Court, D. Connecticut.

Oct. 26, 1978.

John Paskavitch, pro se.

Diana Garfield, Asst. U. S. Atty., New Haven, Conn., for defendant.

## RULING ON MOTION TO DISMISS

### BLUMENFELD, District Judge.

This case involves an attempt by plaintiff, John Paskavitch, to have this court order the defendant, the United States Nuclear Regulatory Commission, to suspend or revoke the license of the Connecticut Light and Power Company to operate nuclear reactors at the Millstone Nuclear Power Station at Waterford, Connecticut. Plaintiff has presented the court with abundant and enlightening documentation of potential health hazards created by these nuclear reactors. He has, however, chosen the wrong forum in which to obtain his legal objectives.

■ Under the so-called doctrine of primary jurisdiction, courts should not entertain cases involving complicated issues of technical fact, until the administrative agency charged by Congress with the responsibility of regulating the subject matter has had an opportunity to apply its expertise to the question at issue and, if it so chooses, to create, pursuant to statutory mandate, a uniform regulatory scheme on that point. *See Whitney National Bank v. Bank of New Orleans,* 379 U.S. 411, 421, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965); *Far East Conference v. United States,* 342 U.S. 570, 573–75, 72 S.Ct. 492, 96 L.Ed. 576 (1952); *United States Navigation Co. v. Cunard Steamship Co.,* 284 U.S. 474, 485, 52 S.Ct. 247, 76 L.Ed. 408 (1932).[1]

The plaintiff has made no attempt to bring his claim to the Nuclear Regulatory Commission and has suggested no excuse for his failure to do so. Instead, he is asking this court to determine whether long-term radiation emissions from the Millstone nuclear power generating station pose a hazard to the health of the workers at the station or to the people living in surrounding areas or downwind of the station. He is asking me to evaluate the effect on human health of low levels of strontium 90, cesium 137, and iodine 131 being introduced into the food chain and into the genes of Connecticut residents. Rendering a decision on these issues, even after lengthy evidentiary hearings, would seriously tax the competence of this court. The Nuclear Regulatory Commission, on the other hand, has the facilities, the expertise, and the responsibility to investigate the health and safety issues raised here. *See* 42 U.S.C. §§ 5843–44; 10 C.F.R. § 1.60–61.

■ The Commission has provided a procedure, through administrative order, by which any person may seek the relief before it which the plaintiff is asking for here. 10 C.F.R. § 2.206. Also, Congress has provided that decisions made in response to such petitions are subject to a hearing requirement and are subject to judicial review. 42 U.S.C. § 2239. Finally Congress has provided that this judicial review must originate exclusively in the Courts of Appeals. 28 U.S.C. § 2342. This administrative and statutory scheme for consideration of plain-

1. Although the leading cases in this area deal with the regulation of economic interests, I believe that similar principles apply to plaintiff's claim of damage to his health and safety interests. *See generally,* Jaffee, *Primary Jurisdiction,* 77 Harv.L.Rev. 1037 (1964). A comprehensive federal statutory and administrative scheme is developing for the regulation of health and safety hazards created by the burgeoning nuclear power industry. *See, e. g.,* 42 U.S.C. §§ 5820, 5841–5850; 10 C.F.R. §§ 20.1–20.60, App. A–D.

tiff's claim strengthens my conclusion that "the matter therefore is within the exclusive preliminary jurisdiction . . ."[2] of the Nuclear Regulatory Commission.

The complaint is dismissed for lack of subject-matter jurisdiction, but without prejudice to plaintiff's right to seek redress before the Commission.

SO ORDERED.

---

2. *United States Navigation Co. v. Cunard Steamship Co., supra,* 284 U.S. at 485, 52 S.Ct. at 251, quoted with approval in *Far East Conference v. United States, supra,* 342 U.S. at 574, 72 S.Ct. 492.